On Application for Rehearing
 

 THOMPSON, Presiding Judge.
 

 The opinion of January 15, 2010, is withdrawn, and the following is substituted therefor.
 

 M.H. and D.H. (“the maternal grandparents”) appeal from a judgment of the Limestone Juvenile Court modifying custody of T.W. (“the child”). In the modification judgment, the juvenile court found the child to be dependent while in the custody of the maternal grandparents, and the maternal grandparents’ custody was terminated.
 

 In the maternal grandparents’ application for rehearing, they contend that their due-process rights were violated to such an extent as to render the trial court’s judgment void. Specifically, they argue that they had no notice on the issue of dependency. We note that, in their post-judgment motion, the maternal grandparents argued that they were not provided notice that dependency was to be an issue in what they believed was a custody-modification case and that, therefore, they had not been prepared to litigate that issue.
 

 “As a nullity, a void judgment has no effect and is subject to attack at any time.”
 
 Ex parte Full Circle Distribution, L.L.C.,
 
 883 So.2d 638, 643 (Ala.2003). A void judgment will not support an appeal,
 
 Hayes v. Hayes,
 
 16 So.3d 117, 120 (Ala.Civ.App.2009); thus, if the maternal grandparents are correct, this court does not have subject-matter jurisdiction of this case. We note that lack of subject-matter jurisdiction can be raised at any time by the parties or by the court
 
 ex mero motu. Thompson v. Wachovia Bank, Nat’l Ass’n,
 
 39 So.3d 1153, 1161 (Ala.2009).
 

 The procedural history of this case is as follows. Jer. W. (“the father”) and Jes. W. (“the mother”) (together, “the parents”) married, and the child was born in June
 
 *336
 
 2002. The parents agreed to give the maternal grandparents temporary custody of the child while the mother was in therapy for anger management and the father was being treated for substance abuse. Pursuant to that agreement, the Lauder-dale Juvenile Court entered a judgment in October 2003 awarding the maternal grandparents custody of the child.
 
 [1]
 
 After the entry of that judgment, the mother lived with the maternal grandparents and the child. The mother claims that she was the child’s primary caregiver even after the entry of the 2003 judgment.
 

 In June 2007, the parents filed a petition in the Lauderdale Juvenile Court seeking custody of the child. The cause was transferred from the Lauderdale Juvenile Court to the Limestone Juvenile Court (hereinafter “the juvenile court”) because the parties had moved since the entry of the initial 2003 judgment. After a number of continuances, the juvenile court held a hearing on the parents’ request for modification on March 9, 2009.
 

 The parents’ modification petition did not contain an allegation that the child was dependent while in the maternal grandparents’ custody. At the close of the hearing, the juvenile court announced from the bench that it found that it was not yet appropriate to return custody of the child to the parents. Although the issue of dependency was not before the juvenile court, it nonetheless stated that it also found that the child was dependent while in the custody of the maternal grandparents and, therefore, that the maternal grandparents’ custody of the child was terminated.
 

 On March 27, 2009, the juvenile court entered a written judgment repeating the findings it had made at the close of the hearing, stating that the child was dependent, and finding that it “was clear that the [maternal grandparents] crossed a line of wanting to keep the minor child at all costs and that they [were] not willing to work with the parents through the reunification process.”
 

 The juvenile court vested temporary custody of the child with the Limestone County Department of Human Resources (“DHR”), with instructions to DHR to place the child “with any party it deems appropriate.” In the judgment, the juvenile court set a dispositional hearing for April 24, 2009.
 

 On March 23, 2009, before the entry of the March 27 written judgment, the maternal grandparents filed a motion pursuant to Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the “judgment,” arguing, among other things, that, the March 9 hearing had been a dependency hearing and not a trial on the merits to determine who should have custody of the child. The juvenile court denied the Rule 59 motion on March 24, 2009.
 

 On April 15, 2009, with new counsel, the maternal grandparents filed a motion requesting the transcript of the March 9 hearing. The juvenile court set the motion for hearing on April 24, 2009, the same day the dispositional hearing was scheduled. On April 17, the maternal grandparents moved to continue the dispositional hearing. The juvenile court denied their motion on the ground that the March 27, 2009, judgment was a final judgment removing custody of the child from the maternal grandparents and that the time for filing an appeal of that judgment had passed. Therefore, the juvenile court ruled, the maternal grandparents no long
 
 *337
 
 er had standing in the action. The disposi-tional hearing was held as scheduled on April 24, 2009, after which custody of the child was awarded to the child’s paternal grandparents.
 

 The maternal grandparents assert that they had no notice that the March 9, 2009, hearing was to be a dependency hearing. They argue that because the requirements for filing a petition alleging dependency as set forth in § 12-15-52, Ala.Code 1975, were not met, the juvenile court lacked subject-matter jurisdiction. Their argument on rehearing is more properly characterized as an assertion that the judgment is void for want of due process of law.
 

 “ ‘A judgment is void only if the court which rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with due process.’ ”
 
 Neal v. Neal,
 
 856 So.2d 766, 781 (Ala.2002) (quoting
 
 Seventh Wonder v. Southbound Records, Inc.,
 
 364 So.2d 1173, 1174 (Ala.1978)).
 
 See also Smith v. Clark,
 
 468 So.2d 138, 141 (Ala.1985);
 
 Cassioppi v. Damico,
 
 536 So.2d 938, 940 (Ala.1988);
 
 Pollard v. Etowah County Comm’n,
 
 539 So.2d 225, 228 (Ala.1989);
 
 Satterfield v. Winston Indus., Inc.,
 
 553 So.2d 61, 64 (Ala.1989);
 
 Fisher v. Amaraneni,
 
 565 So.2d 84, 87 (Ala.1990);
 
 Hughes v. Cox,
 
 601 So.2d 465, 467-68 (Ala.1992);
 
 Greene v. Connelly,
 
 628 So.2d 346, 351 (Ala.1993); and Rule 60(b)(4), Ala. R. Civ. P.
 

 “ ‘[I]t is established by the decisions in this and in Federal jurisdictions that
 
 due process of law
 
 means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’
 

 “Frahn v. Greyling Realization Corp.,
 
 239 Ala. 580, 583, 195 So. 758, 761 (1940) (emphasis added). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some critical proceeding within that litigation, be deprived of the ‘notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,’ required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution,
 
 Frahn, supra. See Winhoven v. United States,
 
 201 F.2d 174 (9th Cir.1952),
 
 Bass v. Hoagland,
 
 172 F.2d 205 (5th Cir.1949),
 
 Cassioppi [v. Damico,
 
 536 So.2d 938 (Ala.1988) ], and
 
 Seventh Wonder [v. Southbound Records, Inc.],
 
 [364 So.2d 1173 (Ala.1978) ].”
 

 Neal,
 
 856 So.2d at 781-82.
 

 In
 
 Frahn v. Greyling Realization Corp.,
 
 our supreme court noted:
 

 “It was observed in
 
 Evans v. Evans,
 
 200 Ala. 329, 76 So. 95 [(1917)], that such are the requirements of due process, being the fundamental conditions universally prescribed in a system of laws established and all state laws, statutory and judicially declared, regulating procedure, evidence and method of trials, which must be consistent with such requirements of the constitutions. Such rule is stated as follows in 6 R.C.L. § 442, p. 446: ‘... In fact one of the most famous and perhaps the most often quoted definition of due process of law is that of Daniel Webster in his argument in the Dartmouth College case
 
 (Dartmouth College v. Woodward,
 
 4 Wheat. 518, 4 U.S. (L.Ed.) 629 [(1819)]), in which he declared that by due process of law was meant “a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.”
 
 (Ex parte Wall,
 
 107 U.S. 265, 2 S.Ct. 569, 27 U.S. (L.Ed.) 552
 
 *338
 
 [ (1883) ].) Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity (to be heard) wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered.
 
 (Galpin v. Page,
 
 18 Wall. 350, 21 U.S. (L.Ed.) 959 [ (1873) ];
 
 Hovey v. Elliott,
 
 167 U.S. 409, 17 S.Ct. 841, 42 U.S. (L.Ed.) 215 [ (1897) ];
 
 Ferry v. Campbell,
 
 110 Iowa 290, 81 N.W. 604, 51 L.R.A. 92 [(1900)]).’ (Parenthesis supplied.)”
 

 239 Ala. 580, 583, 195 So. 758, 761 (1940).
 

 In this case, the parents’ petition for modification did not allege that the child was dependent. Instead, the parents alleged that, since the entry of the original judgment awarding custody of the child to the maternal grandparents, “there ha[d] been a material change of circumstances affecting the best interests and welfare of the minor child necessitating a change in custody.” In the petition, the parents listed the changes in their circumstances, such as the facts that both parents were gainfully employed and the father was able to provide health insurance for the child; that the father had completed a substance-abuse program and had been free of drugs since January 2004; and that the parents were able to provide a wholesome and stable home environment for the child.
 

 The record indicates that, on at least two occasions, the juvenile court stated that the proceedings were for a modification of custody — dependency was not mentioned. At the hearing on the petition, there was no evidence presented indicating that the child was not being well cared for while in the custody of the maternal grandparents. For example, the parents presented no evidence indicating that the child was being abused or neglected, no evidence indicating that the child’s health or well-being were at risk, no evidence indicating that the maternal grandparents had failed or neglected to send the child to school or otherwise see to the child’s education, and no evidence of any other indicia that the child was dependent. See § 12-15-102(8), Ala.Code 1975 (defining a dependent child). Evidence indicating that the maternal grandparents were being manipulative and were “not willing to work with the parents through the reunification process” does not indicate that the child was dependent. Indeed, nothing in the case up until the juvenile court’s pronouncement from the bench that the child was dependent could reasonably have put the maternal grandparents on notice that dependency was an issue, and they cannot be faulted for failing to present any evidence indicating that the child was not dependent while in their care.
 

 The juvenile court’s judgment finding the child to be dependent and removing custody of the child from the maternal grandparents was entered without providing the maternal grandparents notice and an opportunity to be heard on the issue of the child’s dependency. Thus, the judgment was entered in a manner inconsistent with due process. Accordingly, we conclude that the juvenile court’s judgment finding the child dependent while in the custody of the maternal grandparents was entered in a manner that is inconsistent with due process, and, therefore, it is void. A void judgment will not support an appeal.
 
 Hayes v. Hayes,
 
 16 So.3d 117, 120 (Ala.Civ.App.2009). Therefore, we dismiss the maternal grandparents’ appeal and instruct the juvenile court to vacate its void judgment of March 27, 2009, finding the
 
 *339
 
 child dependent and removing the child from the custody of the maternal grandparents.
 

 APPLICATION GRANTED; OPINION OF JANUARY 15, 2010, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
 

 PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 [1]
 

 . The Lauderdale Juvenile Court’s judgment of October 2003 does not appear in the record on appeal.