MOORE, Judge.
B.B. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) continuing custody of her child, M.H. (“the child”), with the child’s paternal grandmother, D.H. (“the paternal grandmother”), and closing the case.
The record shows that the juvenile court obtained jurisdiction over the child when the paternal grandmother filed a petition on April 13, 2009, alleging that the child was dependent. The juvenile court originally awarded custody of the child to the paternal grandmother based on a purported stipulation of “the parties” that was memorialized in an order entered by the juvenile-court referee on August 20, 2009, which was confirmed by the juvenile court. However, the mother was not served with the dependency petition until October 15, 2009, and, once she was notified of the August 20, 2009, order, the mother immediately moved to have it set aside. Although the record is unclear as to whether the juvenile court granted that motion, the record does clearly show that the juvenile court “returned” custody of the child to the mother on October 30, 2009.
Over the course of the next 15 months the mother retained custody of the child subject to certain conditions established by, and periodic reviews conducted by, the juvenile court. Reports from the Jefferson County Department of Human Resources (“DHR”) during that period indicated that the mother could properly and safely care for the child.
*951 On February 11, 2011, after the mother had failed to appear for a scheduled review hearing on February 8, 2011, the juvenile court entered an order noting the August 20, 2009, order, which it described as a judgment finding the child dependent, and awarding custody of the child to the paternal grandmother. Subsequently, the juvenile court did not vacate the February 11, 2011, judgment, as requested by the mother, but, on April 13, 2011, it entered an order maintaining custody of the child with the paternal grandmother and awarding the mother unsupervised visitation.
At some point in May 2011, the mother allegedly refused to return the child to the paternal grandmother following a visitation, prompting the child’s guardian ad litem to file a motion for a rule nisi and for return of the child. The juvenile court ordered that the child be returned to the custody of the paternal grandmother, but it reserved ruling on the motion for a rule nisi and set the case for a hearing on October 26, 2011. On September 19, 2011, DHR filed a motion for an immediate hearing alleging that it would be in the best interest of the child for custody to be returned to the mother. That motion was also scheduled to be heard on October 26, 2011.
The mother did not appear for the October 26, 2011, hearing. The juvenile court entered a judgment that same day in which it denied the motion for a continuance filed by the mother’s attorney, ordered that custody of the child remain with the paternal grandmother, relieved DHR of supervision of the child, and closed the case.[1] On November 7, 2011, the mother filed a motion to alter, amend, or vacate the juvenile court’s judgment. She alleged that she had been unable to attend the October 26, 2011, hearing because of transportation issues and that it would be in the best interest of the child for her to be awarded custody. The juvenile court denied the mother’s postjudgment motion on November 8, 2011. The mother filed her notice of appeal on November 22, 2011. The juvenile court certified the record on appeal as adequate on January 6, 2012. See Rule 28(A)(1)(a), Ala. R. Juv. P.
On appeal, the mother essentially argues that the juvenile court did not, on October 26, 2011, have before it sufficient evidence to find the child dependent and to award “permanent” custody to the paternal grandmother. We pretermit discussion of those issues because we find, ex mero motu, that this appeal arises from a void judgment. See B.L.R. v. N.M.N., 69 So.3d 868, 869 (Ala.Civ.App.2011) (recognizing duty of this court to consider a lack of subject-matter jurisdiction ex mero motu).
The orders or judgments entered by the juvenile court that purport to adjudicate the child dependent are void. The first order, entered on August 20, 2009, found the child dependent based on a purported stipulation of the parties. However, the record unequivocally shows that the mother had not been served when that order was entered and did not appear in the ease before October 15, 2009, when she was first served with the paternal grandmother’s dependency petition. Because the mother had not been served and was deprived of an opportunity to be heard on the matter in August 2009, that dependency adjudication was void. See M.G. v. J.T., 90 So.3d 762 (Ala.Civ.App.2012).
The juvenile court arguably found the child dependent on February 11, 2011, when it noted the August 20, 2009, *952 order and awarded custody of the child to the paternal grandmother.[2] However, the juvenile court did not notify the mother that it was holding an adjudicatory hearing on February 8, 2011, the date of the hearing upon which the February 11, 2011, judgment was based. In fact, the juvenile court’s February 11, 2011, judgment does not reflect that it held such a hearing on February 8, 2011. Moreover, the juvenile court expressly stated in its February 11, 2011, judgment that it had found the child dependent based solely on the void August 20, 2009, order. A parent cannot be deprived of the custody of a child without due process, Thorne v. Thorne, 344 So.2d 165 (Ala.Civ.App.1977), which, in this context, requires reasonable notice of a hearing on the issue of the dependency of the child, M.H. v. Jer. W., 51 So.3d 334 (Ala.Civ.App.2010), as well as the presentation of clear and convincing evidence of the dependency of the child. M.G., supra. Because the juvenile court did not afford the mother due process, its February 11, 2011, dependency adjudication is void. M.H., 51 So.3d at 338. The fact that the juvenile court erroneously failed to vacate the February 11, 2011, judgment does not affect our decision because a void judgment is a legal nullity with no force or effect. See Leathers v. Gover, 447 So.2d 810, 811 (Ala.Civ.App.1984).
The juvenile court notified the mother that it intended to adjudicate the guardian ad litem’s motion for a rule nisi and DHR’s motion to return the child to the mother on October 26, 2011. The juvenile court did not notify the mother that it intended to conduct an adjudicatory hearing to decide the dependency of the child or a disposi-tional hearing to determine the “permanent” custodial situation for the child at that scheduled hearing. Without such notice, the mother was not provided an opportunity to be heard on those issues. See M.H., supra (holding that juvenile court violated grandparents’ due-process rights by holding adjudicatory dependency hearing after notifying grandparents that the only issue that would be heard was whether custody should be modified). Because the juvenile court did not afford the mother due process, its October 26, 2011, judgment is void as well. M.H., 51 So.3d at 338.
The record reflects that the child has never been adjudicated a dependent child in accordance with due process. When a judgment of dependency is entered in a manner inconsistent with due process, that judgment is void and will not support an appeal. M.H., 51 So.3d at 338. Therefore, we dismiss the mother’s appeal, albeit with instructions to the juvenile court to vacate any and all judgments purporting to find the child dependent. We note that the dependency petition has been pending since April 13, 2009, and that the child has been withheld from the custody of the mother since at least February 11, 2011.[3] We therefore order the juvenile court to conduct an adjudicatory hearing forthwith and to conduct such other proceedings as are necessary depending on its determination as to the dependency of the child.
APPEAL DISMISSED WITH INSTRUCTIONS.
*953 THOMPSON, P.J., and PITTMAN and BRYAN, JJ„ concur.
THOMAS, J., concurs in the result, without writing.

. By closing the case, the juvenile court impliedly denied the pending motion for a rule nisi filed by the child’s guardian ad litem.

. We note that the juvenile court "returned” custody of the child to the mother on October 30, 2009, and that she maintained custody of the child through February 11, 2011. During that time, the juvenile court entered several orders, none of which expressly found the child dependent.

. The record is unclear as to whether the child was in the physical custody of the paternal grandmother or the mother between April 13, 2009, and October 30, 2009.