PER CURIAM.
Gary Tripp and Christine Tripp (“the grandparents”) appeal from a judgment of the Madison Circuit Court dismissing their petition against Amber Leigh Owens (“the mother”) seeking grandparent 'visitation with them grandson, who is the mother’s son (“the child”).
The grandparents filed a petition in the trial court seeking grandparent visitation. According to the grandparents’ petition, the child was born to their son and the mother on November 13, 2009, and the mother and their son married in June 2011. The grandparents alleged that their son, the mother, the child, and the mother’s daughter had lived with the grandparents from November 2009 until February 2012; that their son, the mother, the child, and the mother’s daughter moved out of the grandparents’ residence in February 2012; and that, in March 2012, their son had filed for a divorce against the mother. *209 They stated further that, while that divorce action was pending, their son had died in an automobile collision on May 30, 2012. According to the grandparents’ petition, the mother had failed to allow the grandparents to have regular, unsupervised contact and visitation with the child. The grandparents asserted that contact and visitation with the grandparents was in the child’s best interest, and they sought an order from the trial court granting them contact and visitation with the child. The grandparents also filed a motion seeking pendente lite contact and visitation with the child.
On February 13, 2013, the trial court entered a judgment dismissing the grandparents’ petition because, it stated, “the Alabama Grandparent Visitation Act was declared unconstitutional pursuant to Ex parte E.R.G. and D.W.G., 73 So.3d 634 (Ala.201'1).” The grandparents filed a motion to vacate the dismissal of their petition, asserting, among other things, that the Alabama Supreme Court’s opinion in Ex parte E.R.G., 73 So.3d 634 (Ala.2011), had been issued on June 10, 2011; that, one day later, the Governor of Alabama had signed into law Ala. Acts 2011, Act No. 2011-562, amending the Grandparent Visitation Act (“the new Act”), § 30-3^1.1, Ala. Code 1975; and that the new Act had become effective on September 1, 2011. The grandparents requested that the trial court vacate its dismissal of their petition and adjudge that petition under the new Act rather than under the former Grandparent Visitation Act (“the former Act”), former § 30-3-4.1, Ala.Code 1975, which had been held unconstitutional in Ex parte E.R.G.
On February 20, 2013, the mother’s attorney filed a notice of appearance in the trial court. On April 1, 2013, the trial court entered an order denying the grandparents’ motion to vacate the dismissal of their petition. The grandparents timely appealed to this court.
The grandparents argue on appeal, among other things, that the trial court erred in dismissing their petition for grandparent visitation sua sponte; they contend that, given their reliance upon the new Act, which has yet to be adjudicated unconstitutional, the trial court erred in dismissing the case without giving them an opportunity to present evidence proving that visitation would serve the best interest of the child, thereby rebutting the statutory presumption in favor of the mother. We find that issue to be dispositive.
“ Tn Nance v. Matthews, 622 So.2d 297 (Ala.1993), [the supreme court] stated the standard of review applicable to a ruling on a motion to dismiss:
“ ‘ “On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
“ ‘622 So.2d at 299 (citations omitted).’
“Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004).”
Westwind Techs., Inc. v. Jones, 925 So.2d 166, 170-71 (Ala.2005). Thus, we apply no presumption of correctness to the trial court’s judgment.
*210 In Ex parte E.R.G., the Alabama Supreme Court declared unconstitutional the former Act, which did not include any presumption in favor of a fit parent’s decision as to whether grandparent visitation served the best interest of the child. 73 So.3d at' 648^9. Although the trial court did not specify in its judgment whether it was addressing the new Act or the former Act in dismissing the grandparents’ petition, it appears that the trial court purported to apply Ex parte E.R.G. as having conclusively established the unconstitutionality of the new Act. In doing so, the trial court erred and misapplied the holding in Ex parte E.R.G. The new Act amended § 30-3-1.1 such that the grandparents may be entitled to relief following an evi-dentiary hearing. We conclude, therefore, pursuant to our standard of review, that the judgment of the trial court is due to be reversed.[1] We remand the case with instructions to the trial court to vacate its dismissal of the grandparents’ petition and to allow the grandparents the opportunity to prove that visitation would serve the best interest of the child through an evi-dentiary hearing, unless the constitutionality of the new Act is duly challenged and the new Act is ruled unconstitutional in accordance with the ordinary rules of civil procedure and applicable Alabama statutes.
REVERSED AND REMANDED.
All the judges concur.

. Because our disposition of this case obviates the need to address the arguments of the attorney general and the grandparents that the trial court erred in failing to serve the attorney general pursuant to § 6-6-227, Ala. Code 1975, we pretermit discussion of that issue.