PER CURIAM.
On November 8, 2012, K.P. filed an action in the Morgan District Court, Juvenile Division (“the juvenile court”), seeking to be adjudicated the father of C.R.C. (“the child”), a child born to S.T. (“the mother”) in March 2010. In his complaint, K.P. also sought an award of custody of the child and the determination of child support for the child. KP.’s action was assigned case number CS-12-900061 in the juvenile court.
Shoftly thereafter, on November 30, 2012, the child’s maternal grandmother, M.T. (“the grandmother”), filed a dependency complaint in the juvenile court in which she sought an award of custody of *1090 the child. In her dependency complaint, the grandmother alleged that the mother was abusing drugs and that the child’s father was “unknown.” The grandmother’s dependency action was assigned case number JU-12-742.01.
On December 6, 2012, the juvenile court entered an order in case number JU-12-742.01 in which it awarded the grandmother pendente lite custody of the child and awarded the mother supervised visitation. In that December 6, 2012, order, the juvenile court took judicial notice of KP.’s paternity action and ordered that K.P. was a party to case number JU-12-742.01. The December 6, 2012, order further specified that “[t]his matter shall be set for adjudication on January 10, 2013, at 1:30 p.m., with case number CS-12-900061.” On April 1, 2013, the juvenile court entered an order in case number CS-12-900061 in which it adjudicated KP.’s paternity of the child. In that order, the juvenile court scheduled a hearing on the merits of KP.’s custody claim.
On July 10, 2013, the juvenile court entered a judgment in case number CS-12-900061 in which it granted the mother’s motion to dismiss that action and ordered that all earlier orders entered in that action were void.[1] In so ruling, the juvenile court found that the mother had produced evidence indicating that R.D.C. had executed an acknowledgment of paternity of the child and, therefore, that R.D.C. was the child’s legal father. Based on that finding, the juvenile court determined that it lacked subject-matter jurisdiction over KP.’s paternity action. K.P. did not appeal the July 10, 2013, judgment dismissing case number CS-12-900061.
On July 12, 2013, in case number JU-12-742.01, the juvenile court entered an order in which it made R.D.C. a party to that action, ordered that KP.’s previously ordered visitation with the child be suspended, and scheduled a hearing on the merits for August 19, 2013. The juvenile court rescheduled that hearing.
The juvenile court'conducted an ore ten-us hearing on September 24, 2013, in case number JU-12-742.01. The grandmother and K.P., together with their attorneys, appeared for that hearing. R.D.C. appeared at the hearing, pro se, and the child’s guardian ad litem was present. The mother and her attorney did not attend the hearing.
Thereafter, on October 3, 2013, K.P. filed a “motion to set final hearing.” In that October 3, 2013, motion, K.P. argued that, at the September 24, 2013, hearing, R.D.C. had disavowed his paternity of the child. K.P. submitted an affidavit executed by R.D.C. on October 3, 2013, in support of that motion.
On November 1, 2013, the juvenile court entered an order in case number JU-12-742.01 based on the documentary evidence, testimony, and arguments it had received at the September 24, 2013, ore tenus hearing. In that order, the juvenile court stated that it would conduct a later hearing to determine if the child was “still dependent.” Also in its November 1, 2013, order, the juvenile court determined that R.D.C. was not the child’s father, adjudicated K.P. as the child’s legal father, and scheduled a final hearing in the action. The mother filed a timely petition for a writ of mandamus in this court challenging that part of the November 1, 2013, order in which the juvenile court concluded that R.D.C. was not the child’s father and determined that K.P. was the child’s father. “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the *1091 order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
In her petition, the mother asks this court to order the juvenile court to dismiss both K.P. and R.D.C. as parties from case number JU-12-742.01. However, K.P. was made a party pursuant to the December 6, 2012, order of the juvenile court, and R.D.C. was made a party pursuant to the juvenile court’s July 12, 2013, order. The mother’s petition for a writ of mandamus was filed on November 14, 2013. Thus, the mother’s petition was filed well in excess of the 14-day presumptively reasonable period for seeking relief from either of those interlocutory orders. See Rule 21(a)(3), Ala. R.App. P. (“The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal.”); Ex parte C.J.A., 12 So.3d 1214, 1215 (Ala.Civ. App.2009) (The presumptively reasonable time for filing a petition for a writ of mandamus in a juvenile action is 14 days.). Accordingly, that part of the mother’s petition seeking an order requiring that K.P. and R.D.C. be dismissed as parties in case number JU-12-742.01 is untimely, thus mandating the denial of the requested relief. Ex parte C.J.A., 12 So.3d at 1216.
The mother also argues in her petition that, under the Alabama Uniform Parentage Act (“the AUPA”), § 26-17-101 et seq., Ala.Code 1975, the juvenile court erred in entering its November 1, 2013, order establishing KP.’s paternity of the child. In her brief submitted to this court, the mother points out that in March 2010, shortly after the child’s birth, she and R.D.C. executed an acknowledgment of paternity of the child.[2] See § 26-17-301, Ala.Code 1975 (“The mother of a child and a man claiming to be the genetic father of the child may sign an acknowledgment of paternity with intent to establish the man’s paternity.”); and § 26-17-302(a), Ala.Code 1975 (requiring, among other things, that a valid acknowledgment of paternity be a sworn statement signed by the mother and the man asserting his paternity of the child). The mother and R.D.C. filed the acknowledgment of paternity with the Alabama Office of Vital Statistics on March 18, 2010. See § 26-17-304(b), Ala.Code 1975 (“An acknowledgment of paternity takes effect upon the signature of both the mother and the putative father and the filing of the document with the Alabama Office of Vital Statistics.”).
The effect of the execution of the acknowledgment of paternity was to make R.D.C. the child’s legal father: “a valid acknowledgment of paternity filed with the Alabama Office of Vital Statistics shall be considered a legal finding of paternity of a child and confers upon the acknowledged father all of the rights and duties of a parent.” § 26-17-305(a), Ala.Code 1975 (emphasis added). The AUPA states that the term “ ‘[acknowledged father’ means a man who has established a father-child relationship under Article 3 [of the AUPA].” § 26-17-102(1), Ala.Code 1975; see also § 26-17-201(b), Ala.Code 1975 (“The father-child relationship may be established between a man and a child by: ... (2) an effective acknowledgment of *1092 paternity by the man under Article 3 [of the AUPA], unless the acknowledgment has been rescinded or successfully, chal-lenged_”)• The establishment of the father-child relationship by the execution of an unchallenged acknowledgment of paternity is equivalent to a judicial determination of paternity by a juvenile or circuit court. See Alabama Comments to § 26-17-302 and § 26-17-305(a), Ala.Code 1975 (both noting that Article 3 of the AUPA uses the phrase “legal finding” rather than “adjudication” to reflect the nonjudicial nature of the manner in which paternity is established under Article 3); see also § 26-17-310, Ala.Code 1975 (providing that “[a] court or administrative agency ... is not required or permitted to ratify an unchallenged acknowledgment of paternity”).
The AUPA allows an acknowledged father to seek to rescind an acknowledgment of paternity under § 26-17-307, Ala.Code 1975, within 60 days of the execution of that acknowledgment; R.D.C. did not seek to rescind the March 18, 2010, acknowledgment of paternity within 60 days. After the period for rescission has expired, an acknowledged father may “commence a proceeding” to challenge, under certain limited circumstances, an acknowledgment of paternity. See 26-17-308, Ala.Code 1975. R.D.C.’s oral motion during the September 24, 2013, ore tenus hearing cannot be said to constitute the “commencement” of a proceeding. Our rules of procedure specify that an action is “commenced” by filing a complaint. Rule 3(a), Ala. R. Civ. P. (“A civil action is commenced by filing a complaint with the court.”).[3]
Article 6 of the AUPA contains a provision allowing a nonsignatory to an acknowledgment of paternity to seek to challenge an acknowledgment. Specifically, the AUPA provides:
“(a) If a child has an acknowledged father, a signatory to the acknowledgment of paternity may maintain a proceeding seeking to rescind the acknowledgment or challenge the paternity of the child only within the time allowed under Section 26-17-307 or 26-17-308.
“(b) If a child has an acknowledged father, an individual, who is not a signatory to the acknowledgment of paternity and who seeks an adjudication of paternity of the child may maintain a proceeding at any time after the effective date of the acknowledgment if the court determines that it is in the best interest of the child.”
§ 26-17-609, AIa.Code 1975.
In asserting in his brief filed in this court that the juvenile court had the authority to make a paternity adjudication as part of its November 1, 2013, order in case number JU-742.01, K.P. relies on § 26- *1093 17-609(b). However, K.P. only briefly mentions § 26-17-609(b), and the mother has failed to mention that statute in her submission to this court. Thus, the parties have not adequately addressed whether K.P. could be said, through his participation in case number JU-742.01, to have “maintained” a proceeding under § 26-17-609(b), and they have not submitted arguments concerning the nature of the proceeding to which § 26-17-609(b) refers and whether it would be limited, as is § 26-17-609(a), by certain provisions of Article 3 of the AUPA. In the absence of arguments from interested parties, we decline to interpret § 26-17-609(b) as it might pertain to the facts of this case.
However, we do find persuasive the mother’s argument that, even if this court or the juvenile court were to interpret KP.’s arguments in case number JU-12-742.01 as a claim pursuant to § 26-17-609(b), the mother was not afforded notice of the nature of that claim or notice that the juvenile court would consider a claim seeking to disprove R.D.C.’s parentage in case number JU-10-742.01. Accordingly, the mother was not properly afforded due process with regard to such a claim. See Neal v. Neal, 856 So.2d 766, 782 (Ala.2002) (“ ‘[D]ue process of law means notice, a ■ hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’” (quoting Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940))); and B.B. v. D.H., 93 So.3d 949, 952 (Ala.Civ.App.2012) (holding an order void for failure to afford the mother due process). That part of the November 1, 2013, order, finding R.D.C. not to be the child’s father and adjudicate-ing KP.’s paternity is void. Therefore, we grant the mother’s petition for the writ of mandamus insofar as it seeks to invalidate that part of the November 1, 2013, order.
PETITION DENIED IN PART AND GRANTED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.
MOORE, J., concurs in the result, without writing.

. The motion to dismiss is not included in the materials submitted to this court.

. We note that, under Alabama law, another man may not execute an acknowledgment of paternity when the child has a presumed father. § 26-17-302, Ala.Code 1975. K.P. has not alleged, and the materials submitted to this court do not indicate, that he has claimed to be a presumed father of the child under § 26-17-204, Ala.Code 1975.

. We note that, in response to the mother’s petition for the writ of mandamus, the juvenile-court judge asserts that he had the authority to allow R.D.C. to disavow his parentage of the child under § 12-15-314(a)(4), Ala. Code 1975. That statute, which governs the disposition of dependent children, allows a juvenile court, once it determines that a child is dependent, to "[m]ake any other order as the juvenile court in its discretion shall deem to be for the welfare and best-interests of the child.” Although a juvenile court may adjudicate a father’s paternity as part of a dependency action, nothing in § 12-15-304 or the remainder of the dependency statutes, see § 12-15-301 through -324, Ala.Code 1975, authorizes a juvenile court to invalidate the establishment of a parent-child relationship between a dependent child and one or both of his or her parents. However, a correct judgment may be affirmed for any reason, see J.W. v. T.D., 58 So.3d 782, 789 (Ala.Civ.App.2010), and, therefore, in disposing of the mother’s petition for the writ of mandamus, this court is not confined to the reason for the judgment cited by the juvenile court in its submission to this court.