THOMAS, Judge.
J.B. and K.B. (hereinafter collectively referred to as “the custodians”) are the custodians of B.M.F.M. (“the child”), who was placed in their custody by a December 15, 2011, order of the Jackson Juvenile Court (“the juvenile court”). In April 2013, the custodians filed in the juvenile court a petition to terminate the parental rights of the child’s mother, P.M. (“the mother”).[1] In May 2013, J.M., the child’s maternal grandmother (“the maternal grandmother”), moved to intervene in the termination-of-parental-rights action, seeking to file a petition for custody of, or, in the alternative, visitation with, the child (“the custody-modification petition”).[2] In July 2013, the juvenile court permitted the maternal grandmother to intervene and entered a pendente lite order that, by agreement, awarded the maternal grandmother weekly supervised visitation with the child; the order incorporating the parties’ agreement indicated that the visitation provisions would be reviewed in six months. The juvenile court terminated *172 the mother’s parental rights to the child by-order entered on November 4, 2013.[3] That order did not resolve the maternal grandmother’s custody-modification petition and did not address the maternal grandmother’s visitation.
On March 13, 2014, the custodians’ petition seeking to adopt the child was granted by the Jackson Probate Court. The custodians then moved in the juvenile court to dismiss the maternal grandmother’s “motion to intervene,” which, as previously noted, had been granted in July 2013. The juvenile court held a hearing on the maternal grandmother’s custody-modification petition on April 1, 2014. On April 10, 2014, the juvenile court entered a judgment denying the maternal grandmother’s custody-modification petition but awarding the maternal grandmother unsupervised overnight visitation on alternating weekends. The custodians filed a postjudgment motion directed to the judgment on April 18, 2014; the juvenile court purported to enter an order denying the motion on May 6, 2014, but the motion had been denied by operation of law on May 2, 2014. See Rule 1(B), Ala. R. Juv. P.; Rule 59.1, Ala. R. Civ. P. On May 8, 2014, the custodians filed a timely appeal from the denial by operation of law of their postjudgment motion.
While the appeal was pending, the maternal grandmother moved the probate court to have the adoption judgment set aside. The probate court transferred the maternal grandmother’s motion to the juvenile court, which assigned the maternal grandmother’s motion case no. JU-11-151.03 and held a hearing on that motion on June 26, 2014. After the hearing, the juvenile court entered an order in case no. JU-11-151.03 on July 2, 2014, setting aside the adoption judgment on the ground that the adoption judgment was void for lack of due process because the maternal grandmother had not been served with the adoption petition as required by Ala.Code 1975, § 26-10A-17(a)(6), which states that pen-dency of an adoption proceeding shall be served on “[a]ny person known to the petitioners as having physical custody, excluding licensed foster care or other private licensed agencies or having visitation rights with the adoptee under an existing court order.” The custodians did not appeal the juvenile court’s judgment in case no. JU-11-151.03.
On appeal, the custodians make five arguments. They first argue that the juvenile court could not award the maternal grandmother visitation because their adoption of the child was not a relative adoption that would qualify for an award of grandparent visitation under Ala.Code 1975, § 26-10A-30. They further argue that the juvenile court lacked jurisdiction to set aside the adoption judgment in case no. JU-11-151.03 and that its decision to do so was error because, they contend, § 26-10A-17(a)(6) did not require that the custodians serve notice of the adoption proceeding on the maternal grandmother. The custodians further rely on Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), to support their summary argument that the award of visitation to the maternal grandmother violates their fundamental parental right to rear their adopted child as they see fit. Finally, the custodians argue that the evidence presented to the juvenile court does not support the conclusion that , an award of unsupervised visitation to the maternal grandmother is in the best interest of the child.
*173 We first address the custodians’ arguments relating to the juvenile court’s judgment in case no. JU-11-151.03, which set aside the adoption judgment. As noted above, the custodians did not appeal or otherwise seek appellate review of the juvenile court’s judgment in case no. JU-11-151.03. Instead, the custodians seek to collaterally attack the judgment in case no. JU-11-151.03. See Morgan v. Lauderdale Cnty. Dep’t of Pensions & Sec., 494 So.2d 649, 651 (Ala.Civ.App.1986) (explaining that issues raised pertaining to a judgment other than the one on appeal amount to an “unauthorized collateral attack” on the other judgment). Because the judgment in case no. JU-11-151.03 is not before us for review, we cannot consider the arguments the custodians have made challeng-' ing it. See E.D. v. Madison Cnty. Dep’t of Human Res., 68 So.3d 163, 167 (Ala.Civ.App.2010) (a failure to timely appeal from a judgment precludes an appellate court from considering a challenge to that judgment in another appeal).
We turn now to the custodians’ argument that the juvenile court was prohibited from awarding the maternal grandmother visitation because J.B. -is a second cousin to the child and not one of the relatives specified in § 26-10A-30, which provides for visitation rights for grandparents when a child is adopted by certain specified relatives.[4] Section 26-10A-30 permits a probate court to grant visitation to grandparents if it is in the best interest of the child that such visitation occur. The juvenile court was not operating under § 26-10A-30. Instead, the juvenile court was considering the maternal grandmother’s custody-modification petition, which contained, as an alternative to her request for custody, a request for visitation with the child. The juvenile court had jurisdiction to consider an award of grandparent visitation under Ala.Code 1975, § 12-15-115(a)(10), and AIa.Code 1975, § 30-3-4.1(c), which provide, respectively, for jurisdiction in the juvenile court to consider grandparent visitation in conjunction with an ongoing matter concerning a child before the juvenile court and that a grandparent may seek’ visitation in an action seeking termination of a parent’s parental rights.[5] Although our supreme court, in *174 Ex parte E.R.G., 73 So.3d 634 (Ala.2011), declared former § 30-3-4.1 unconstitutional, § 30 — 3—4.1 was amended immediately thereafter to include a rebuttable presumption that “the parent or parents with whom the child is living know what is in the best interests of the child.” § 30-3-4.1(d). The amended statute has not been challenged on constitutional grounds, see Tripp v. Owens, 150 So.3d 208, 210 (Ala.Civ.App.2014) '(noting that the constitutionality of § 30-3-4.1, as amended in June 2011, had yet to be challenged), and thus we presume that the amended statute is constitutional. See State Bd. of Health v. Greater Birmingham Ass’n of Home Builders, Inc., 384 So.2d 1058, 1061 (Ala.1980) (stating “the fundamental proposition that validly enacted legislation is presumed to be constitutional”).
Furthermore, as noted, the adoption judgment has been set aside as void. “ ‘As a nullity, a void judgment has no effect....’” M.H v. Jer. W., 51 So.3d 334, 335 (Ala.Civ.App.2010) (quoting Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003)). Because the adoption judgment had no effect, the custodians are not and never were adoptive parents. We conclude that the custodians’ reliance on § 26-10A-30 is therefore misplaced and that the juvenile court was not precluded from awarding grandparent visitation.
The custodians further contend that the United States Supreme Court’s decision in Troxel should bar the judgment of the juvenile court awarding the maternal grandmother visitation with the child. Of course, because the adoption judgment has been determined to be void, that judgment is a nullity and the custodians are not, as they claim to be, parents. M.H., 51 So.3d at 335. Because the custodians are not parents, the juvenile court’s judgment awarding the maternal grandmother visitation is not violative of the custodians’ nonexistent parental rights, and we need not further consider the custodians’ argument based on Troxel.
Finally, the custodians argue generally that the evidence does not support the conclusion that unsupervised visitation with the maternal grandmother is in the best interest of the child. “[T]he visitation rights of ... grandparents are a matter generally entrusted to the discretion of the trial court.” Snipes v. Carr, 526 So.2d 591, 592 (Ala.Civ.App.1988). In contravention of Rule 28(a)(10), Ala. R.App. P., the custodians do not support their argument with citations to any authority, and they do not discuss the factors applicable to an award of grandparent visitation under § 30-3^4.1. See White Sands Grp., L.L.C. v. PRS II, LEG, 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.”). Because the custodians merely “state[ ] in a conclusory manner that the award was improper, [and they] cite[ ] no legal authority in [their] brief to support that assertion, ... we will not make legal arguments on behalf of the [custodians].” Pate v. Guy, 942 So.2d 380, 388 (Ala.Civ.App.2005).[6]
Accordingly, we affirm the judgment of the juvenile court awarding the maternal grandmother visitation.
AFFIRMED.
*175 THOMPSON, P.J., and PITTMAN, J., concur.
MOORE and DONALDSON, JJ., concur in the result, without writings.

. The petition also sought to terminate the parental rights of the legal father of the child and of an alleged father of the child.

. We note that the maternal grandmother’s petition was, in actuality, a petition seeking a modification of the December 2011 custody order awarding the custodians custody of the child. Ex parte S.L.M., 171 So.3d 673, 677 (Ala.2014) (citing Ex parte J.P., 641 So.2d 276, 278 (Ala.1994)) ("After a juvenile court has placed a dependent child into the custody of a proper caregiver, consideration of a change of custody is conducted pursuant to the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984).”). We therefore refer to the maternal grandmother’s petition as a custody-modification petition in the remainder of the opinion.

. The rights of the legal father and of the alleged father of the child were terminated in a previous judgment. See supra note 1.

. Section 26-10A-30 reads:
"Post-adoption visitation rights for the natural grandparents of the adoptee may be granted when the adoptee is adopted by a stepparent, a grandfather, a grandmother, a brother, a half-brother, a sister, a half-sister, an aunt or an uncle and their respective spouses, if any. Such visitation rights may be maintained or granted at the discretion of the court at any time prior to or after the final order of adoption is entered upon petition by the natural grandparents, if it is in the best interest of the child."

. Section 12-15-115(a)(10) states that juvenile courts have original jurisdiction in "[pjroceedings to establish grandparent visitation when filed as part of a juvenile court case involving the same child.” Section 30-3-4.1(c) reads as "follows:
“Any grandparent may intervene in and seek to obtain visitation rights in any action when any court in this state has before it any question concerning the" custody of a minor child, a divorce .proceeding of the parents or a parent of the minor child, or a termination of the parental rights proceeding of either parent of the minor child, provided the termination of párental rights is for the purpose of adoption pursuant to Sections 26-10Ar27, 26-10A-28, or 26-10A-30, dealing with stepparent or relative adoption. If the termination of parental rights is for the purpose of adoption, and the potential adoptive parent or parents are not stepparents or relatives, the grandparent may intervene in the action for the purpose of seeking to obtain visitation, provided that the grandparent has an established relationship with the child. The right of the grandparent to seek visitation terminates if the court approves a petition for adoption by an adoptive parent who is not a stepparent or a biological relative of the child.”

. We note that the judgment places restrictions on the maternal grandmother’s visitation to prevent the child from being exposed to the mother or to unrelated persons during visitations, which restrictions address the custodians’ expressed concerns that the child might be exposed to the 'mother or persons other than her immediate relatives while visiting with the maternal grandmother.