MOORE, Judge,
concurring in the result.
In this case, the probate court determined that W.L.K. (“the father”) had not impliedly consented to the adoption of M.M., his child. At that point, the probate court did not dismiss the action in accordance with Ala.Code 1975, § 26-10A-24(d)(3); instead, the probate court purported to transfer the proceeding to the juvenile court “in accordance with [Ala. Code 1975, § 26-10A-24(e) ].” . Section 26-10A-24(e) provides that, “[o]n motion of either party or of the court, a contested adoption hearing may be transferred to the court having jurisdiction over juvenile matters.” By its plain language, § 26-10A-24(e) authorizes a probate court to transfer a pending adoption contest to a juvenile court for hearing and resolution; however, the probate court had already adjudicated the adoption contest at the time of its purported transfer, so § 26-10A-24(e) no longer applied. Thus, the probate court could not have transferred the adoption proceeding pursuant to § 26-10A-24(e).
T.C.M. and C.N.M. (“the prospective adoptive parents”) argue that the probate court could have transferred the adoption proceeding to the juvenile court under Ala. Code 1975, §• 26-10A-3. However, I find nothing' in the materials submitted to this court to indicate that the probate court intended to transfer the case to the juvenile court under that Code section. The probate court did not refer to § 26-10A-3 in its order, and the prospective adoptive parents do not cite any document purporting to be a motion to transfer the proceeding to the juvenile court under § 26-10A-3 or for the purpose of terminating' the father’s parental rights. Hence, I cannot agree that the transfer order should be considered valid for that reason, and I find no need to discuss the interplay between § 26-10A-3 and § 26-10A-24(d).
. Because the probate court did not transfer the case to the juvenile court under § 26-10A-3, and because it could not have transferred the case to the juvenile court under § 26-10A-24(e), its only remaining option was to dismiss the adoption proceeding. Hence, I concur with the main *661 opinion that the petition for a writ of mandamus should be granted, that the transfer order should be vacated, and that the probate court should dismiss the case in compliance with § 26-10A-24(d) after complying with the costs provisions set out in Ala.Code 1975, § 26-10A-24(h).
In his petition, the father argues that the probate court is required to rescind its interlocutory custody order and to enter an order awarding him custody of the child. As a general rule, interlocutory orders become unenforceable upon a final judgment of dismissal. See Maddox v. Maddox, 276 Ala. 197, 199, 160 So.2d 481, 483 (1964) (discussing Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927)). Like other interlocutory orders, an interlocutory custody order entered by a probate court in an adoption proceeding merges into the final judgment of adoption. See Ex parte A.M.P., 997 So,2d 1008, 1015 (Ala.2008) (“Once the final order of adoption is entered, the interlocutory order becomes moot.”). It would follow that an order dismissing an adoption petition due to the lack of consent by the natural father would automatically render an interlocutory custody order entered in the adoption proceeding ineffective. However, the father does not cite any caselaw or other authority to support that particular position. See Rule 28(a)(10), Ala. R.App. P. Because .the burden rests on. the petitioner seeking the writ of mandamus to prove a clear legal right to the relief sought, see generally Ex parte S.T., 149 So.3d 1089 (Ala.Civ.App. 2014), and because this court .has no burden to perform legal research for a petitioner, Galloway v. Ozark Striping, Inc., 26 So.3d 413 (Ala.Civ.App.2009), I concur that the petition should be denied insofar as it seeks a writ of mandamus requiring the probate court to vacate its interlocutory custody order.
Likewise, the father has not provided this court any legal authority requiring the probate court to enter a judgment awarding him custody. To the contrary, the father argues repeatedly that the probate court does not have the jurisdiction to enter any order other than one dismissing the case. The main opinion cites § 26-10A-26(b), Ala.Code 1975, which provides, in pertinent part: “The [probate] court may enter further orders concerning the custody of the adoptee pending appeal.” However, that provision does not apply at this juncture because no final judgment has been entered that would support an appeal. I believe that the father has a presumptive right to custody of the child, see Ex parte Terry; 494 So.2d 628 (Ala.1986), but, in the absence of citation to relevant and binding legal authority on the subject, I find no basis for granting the petition for a writ of mandamus directing the probate court to award the father custody of the child.