THOMPSON, Presiding Judge.
On October 15, 2008, K.N.R. (“the maternal grandmother”), C.S.E. (“the maternal grandfather”), J.F.E. (“the maternal step-grandmother”), and D.L.R. (“the maternal step-grandfather”) (hereinafter collectively referred to as “the grandparents”) filed a motion in the Walker Juvenile Court seeking an award of custody of J.A.C. and C.B.E. (hereinafter together referred to as “the children”). In that motion, the grandparents alleged that the children’s mother, D.E.C.C. (“the mother”) had endangered the children through her use of an illegal drug and that the mother had voluntarily signed documents transferring custody of the children to the grandparents. The record contains a document signed by the mother transferring custody of the children to the grandparents. On October 16, 2008, the juvenile court entered an order awarding custody of the children to the grandparents.[1]
On December 2, 2008, the mother filed a motion asking the juvenile court to set aside its October 16, 2008, order. In that motion, the mother alleged that the grandparent’ motion seeking an award of custody had not been properly supported by a verified petition as required by § 12-15-50 and § 12-15-52, Ala.Code 1975 (now amended and renumbered as §§ 12-15-120 and -121, Ala.Code 1975).
On January 6, 2009, the juvenile court conducted an ore tenus hearing. The transcript from that hearing is not contained in the record on appeal. On January 12, 2009, the juvenile court entered an order in which it, among other things, ordered that the children be returned to the custody of the mother, awarded the maternal grandmother and the maternal step-grandfather specific visitation, and scheduled the matter for a review hearing. In its January 12, 2009, order, the juvenile court also ordered that the action be corrected to assign separate case numbers for each child. The juvenile court assigned the action pertaining to J.A.C. the number *1070 JU-03-540.03 and the action pertaining to C.B.E. the number JU-08-475.01.
The juvenile court conducted a review hearing on April 9, 2009. On April 14, 2009, the juvenile court entered orders in which it, among other things, continued custody with the mother and again set the matter for a review hearing.
In May 2009, the mother moved to suspend the maternal grandmother’s visitation after a dispute regarding visitation arose between those parties, and on May 14, 2009, the juvenile court entered orders requiring the maternal grandmother to make the children available for all extracurricular activities scheduled during her visitation with the children. On June 30, 2009, the children’s guardian ad litem and the mother filed a joint motion seeking to terminate the maternal grandmother’s visitation; in that motion, the guardian ad litem and the mother alleged that the maternal grandmother had again refused to take the children to certain extracurricular activities. On July 10, 2009, the juvenile court entered an order in the action pertaining to J.A.C. suspending the maternal grandmother’s visitation pending a review hearing; a similar order is not contained in the record for case no. JU-08^475.01, the action pertaining to C.B.E.
The juvenile court conducted a final hearing at which it considered the arguments of the parties; no ore tenus testimony was presented. On November 6, 2009, the juvenile court entered judgments in which it awarded custody of the children to the mother; in those judgments, the juvenile court also awarded the maternal grandmother certain visitation with the children.[2] The mother filed a post-judgment motion in each case in which she, among other things, requested that the juvenile court conduct a hearing on the motions. The mother’s postjudgment motions were denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. See also Rule 1(B), Ala. R. Juv. P. (shortening the time a postjudgment motion may remain pending in a juvenile action to 14 days). The mother timely appealed.
The mother argues that the juvenile court lacked the authority to award visitation to the maternal grandmother. She relies on K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993), and J.D.R. v. M.M.E., 898 So.2d 783 (Ala.Civ.App.2004), in support of her argument.
In K.R.D. v. E.D., supra, the grandmother sought an award of visitation with the child as an alternative to her claim alleging that the child was dependent. The juvenile court dismissed the grandmother’s dependency claim but granted her alternative claim seeking an award of grandparent visitation. This court affirmed, holding that a juvenile court considering an allegation of dependency had jurisdiction over a claim seeking grandparent visitation when that claim was asserted as part of a dependency action.
In J.D.R. v. M.M.E., supra, the juvenile court denied the grandmother’s petition alleging the dependency of the child, and, several months later, the grandmother initiated another, separate action in which she sought an award of visitation with the child. This court held the juvenile court lacked jurisdiction to enter its order granting the grandmother visitation “when no proceedings concerning the child were pending in the juvenile court.” J.D.R. v. M.M.E., 898 So.2d at 786. This court held that the juvenile court lacked jurisdiction, under the facts of that case, to entertain *1071 an original action seeking grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. In reaching that holding, this court distinguished the facts of the case from those of K.R.D. v. E.D., supra, by noting that the grandmother had not sought an award of visitation as a part of the earlier dependency action and that her request for visitation was an original action. Thus, the child at issue in that case was not “otherwise before the court” so as to confer jurisdiction in the juvenile court to consider the issues of custody or visitation.
In this case, the juvenile court’s November 6, 2009, judgment returned custody to the mother with no further review scheduled by the court. Thus, that judgment “not only terminated the dependency proceedings, but also constituted a determination on the allegations of circumstances” that led to the dependency action, which, given the facts of this case, were the sole basis under which the juvenile court could exercise jurisdiction. C.D.S. v. K.S.S., 963 So.2d 125, 130 (Ala.Civ.App.2007). After resolving the issue of dependency in favor of the mother, the juvenile court lacked jurisdiction to rule on issues of visitation, absent a specific claim for grandparent visitation. Id.; see also T.B. v. T.H., 30 So.3d 429, 432 (Ala.Civ.App.2009) (“Once the juvenile court decided that the case would not be decided on dependency principles, the juvenile court had no jurisdictional basis for determining custody of the child.”). A judgment entered without jurisdiction is void, and a void judgment will not support an appeal. Jones v. Sears Roebuck & Co., 342 So.2d 16, 17 (Ala.1977). Accordingly, we dismiss the mother’s appeal and instruct the juvenile court to vacate that part of its November 6, 2009, judgment awarding visitation to the maternal grandmother. Claridy v. Claridy, 43 So.3d 626, 628 (Ala.Civ.App. 2010); Raybon v. Hall, 17 So.3d 673, 675 (Ala.Civ.App.2009).
APPEAL DISMISSED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although the parties have not addressed this issue, we note that the juvenile court had jurisdiction over this action. In its orders in this matter, the juvenile court did not make any specific findings of dependency. However, the allegations in the grandparents' complaint were sufficient to invoke the dependency jurisdiction of the juvenile court. See J.W. v. N.K.M., 999 So.2d 526 (Ala.Civ.App.2008) (the allegations in the complaint were sufficient for a finding of dependency); and L.L.M. v. S.F., 919 So.2d 307, 309-10 (Ala.Civ.App.2005) ("The alleged facts were sufficient to invoke the jurisdiction of the juvenile court. Therefore, we conclude that the juvenile court properly exercised jurisdiction in this case.” (footnote omitted)). The record demonstrates that the juvenile court and the parties have considered this to be a dependency action. Further, a dependency finding may be implicit in a juvenile court’s order or judgment. See M.B. v. R.P., 3 So.3d 237, 246 (Ala.Civ.App.2008), and cases cited therein.

. The judgment entered in case no. JU-03-540.03 contained references to both C.B.E. and J.A.C. Accordingly, this court reinvested the juvenile court with jurisdiction to enter a judgment clarifying its intention. On May 7, 2010, the juvenile court entered an order specifying that the order in case no. JU-03-540.03 pertains only to J.A.C.