THOMAS, Judge.
J.L. (“the mother”) appeals the judgments of the Morgan Juvenile Court terminating her parental rights to W.A.G. and J.L.G. (“the children”). The whereabouts of W.G. (“the father”) are unknown. The mother’s sole issue on appeal is whether the juvenile court’s admitted failure to comply with certain requirements of § 12-15-320(a), Ala.Code 1975, renders the judgments void for lack of jurisdiction. Section 12-15-320(a) provides, in its entirety:
“(a) Termination of parental rights cases shall be given priority over other cases. The trial on the petition for termination of parental rights shall be completed within 90 days after service of process has been perfected. The trial court judge shall enter a final order within 30 days of the completion of the trial.”' ■ -
We use a de novo standard of review because the issue on appeal involves pure questions of law. See Espinoza v. Rudolph, 46 So.3d 403, 412 (Ala.2010).
On October 10, 2013, the juvenile court awarded temporary custody of the children to the Morgan County Department of Human Resources (“DHR”).[1] After a hearing on February 18, 2014, the juvenile court adjudicated the children dependent and awarded DHR permanent custody of the children. The children were placed in foster care.
On May 13, 2014, DHR filed petitions seeking the termination of the' mother’s parental rights.[2] .The .mother was served on May 30, 2014. A termination-of-parental-rights trial was held on September 24, 2014. On November 14, 2014, 51 days later, the juvenile court entered judgments terminating the mother’s parental rights to the children. Both judgments read, in pertinent part:
“The Court acknowledges that more than 30 days has elapsed since the conclusion of the testimony and [the court’s] taking the matter under advisement. The Court of Civil Appeals has held that this is a procedural issue and does not prevent the entry of an order after said ,30 .days unless' the same, impairs- the ability to appeal any decision rendered in this matter. (M.H. v. Cleburne County [Department of Human Resources, 158 So.3d 471, 475 (Ala.Civ.App.2014) ] ). The Court finds the appeal of this matter has not been affected by the delay in the entry of this.order.”
On November 20, 2014, the mother filed motions to alter, amend, or vacate the judgments, which were denied on November 21, 2014; that same day the mother filed a notice of appeal, which listed both case numbers.
Lack of subject-matter jurisdiction can" be raised at any time by the parties or by this court ex mero motu, see Burgess v. Burgess, 99 So.3d 1237, 1239 (Ala.Civ.App.2012); however, we do not agree with the mother that the juvenile court’s ‘ admitted failure to comply with § 12-15-320(a) created a jurisdictional de- *572 feet that renders the juvenile court’s judgments void.
 The mother correctly asserts that § 12~15-320(a) requires a juvenile court to complete a termination-of-parental-rights trial within 90 days after service of process “has been perfected” and that the September 24, 2014, termination-of-parental-rights trial was not' completed within 90 days after service of process on her was perfected on May 30, 2014. The juvenile court’s violation of a mandatory provision of § 12-15-320(a)' requires reversal only if the failure to comply with the statute impaired the mother’s substantial rights. See M.H. v. Cleburne Cnty. Dep’t of Human Res., 158 So.3d 471, 475 (Ala.Civ.App.2014).
Like we' did in M.H:, we again find persuasive an opinion of the North Carolina Court of Appeals in which it construed a statute similar to § 12-15-320(a). The North Carolina statute provides thát a “hearing on the termination of parental rights shall be conducted ... no later than 90 days from the filing of the petition.” N.C. GemStat. § 7B-1109(a). Like the mother in the present case, the petitioner in In re J.T.W., 178 N.C.App. 678, 632 S.E.2d 237 (2006)(reversed on other grounds by In re J.T.W., 361 N.C. 341, 643 S.E.2d 579 (2007)), argued that, because the termination trial was not held within 90 days of the filing of the petition, the final order in that case was due to be vacated. J.T.W., 178 N.C.App. at 686, 632 S.E.2d at 242. The J.T.W. court explained that, although the trial court’s delay clearly violated the 90-day provision of § 7B-1109(a), N.C. GemStat., the. .petitioner could not prevail because she had failed to explain how she was prejudiced by the delay. 178 N.C.App. at 687, 632 S.E.2d at 242. In this ease the mother has similarly failed to explain how she was prejudiced by the delay. Therefore, although the juvenile court failed to comply with the 90-day requirement of § 12-15-320(a), the juvenile court’s judgments are not void.
Next, the mother correctly asserts that the juvenile court failed to enter final orders within 30 days of the completion of the termination-of-parental-rights trial. The juvenile court is correct that we encountered the issue of a juvenile court’s failure to comply with the 30-day requirement in M.H., 158 So.3d at 475. In M.H. we found “no reason ... to conclude that the legislature intended to deprive a juvenile court of jurisdiction over a termination-of-parental-rights action solely because it did not enter a final judgment within 30 days.” Id. at 476. In reliance on M.H. we again conclude that, although the juvenile court failed to comply with the 30-day requirement of § 12-15-320(a), the juvenile court’s judgments are not void. Id. at 476.
Finally, we note that we did not, as the juvenile court in this case stated, hinge our decision in M.H. on an “impair[ment of] the ability to [file an] appeal.” Our legislature has required priority status of termination-of-parental-rights cases over other cases. It bears repeating that our determinations in this case and in M.H. should not be read as endorsements of failures to meet statutory deadlines. Id. at 478.
In conclusion, the mother’s argument that the juvenile court lacked jurisdiction due to its failure to comply with § 12-14-320(a) is -without merit. Therefore, the juvenile court’s judgments terminating her parental rights to the children are affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. May 13, 2014, is the date of the first entry on the State Judicial Information, System case-action-summaiy sheets included in the record. We have relied on date stamps and findings in the juvenile court’s various orders for some of the dates indicated in this opinion.

-. The petitions also sought the entry of a judgment terminating the father’s parental rights. The father was served by publication, his parental rights were terminated, and he did riot file an appeal.