THOMPSON, Presiding Judge.
On January 12, 2015, the Shelby County Department of Human Resources (“DHR”) filed in the Shelby Juvenile Court (“the juvenile court”) a petition seeking to terminate the parental rights of A.D.W. (“the mother”) and JiB.W. (“the father”) to their minor child.[1] It is undisputed that the mother was served with the petition on January 13, 2015, and that the father was served on April 2, 2015.
On June 8, 2015, the juvenile court entered an order scheduling the termination action for a status docket on July 7, 2015. However, on July 6, 2015, the day before the scheduled “status docket,” the juvenile court entered an ordér in which it, among other things, scheduled the termination action for a trial on the merits on July 10, 2015. That same day, July 6, 2015, the mother filed an objection to the scheduling of the trial on the merits, arguing, among other things, that she had not been provided adequate notice of the trial and that she would be unfairly prejudiced by that lack of notice. In response to that objection, on July 7, 2015, the juvenile court entered an order setting aside the July 6, 2015, scheduling order. However, a few minutes following the entry of that order, the juvenile court entered a second July 7, 2015, order in which it again ordered that the termination trial be conducted on July 10, 201fi
On July 9, 2015, the mother timely filed in this court a petition for a writ of mandamus and a motion seeking to stay enforcement of the juvenile court’s July 6, 2015, order scheduling the trial on the merits for *407 July 10, 2015.[2] This court granted the mother’s request for a stay on July 9,2015, and called for answers to the mother’s petition for a writ of mandamus. DHR filed an answer to the petition on July 14, 2015; the juvenile-court judge did not file an answer.
At the outset, we note that an appellate court will grant a petition for a writ' of mandamus only when “(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997)). The mother argues that the juvenile court erred in affording her only four days’ notice of the scheduling of the trial on the termination petition.
In her brief submitted to this court, the'mother argues that Rule 40(a), Ala. R. Civ. P., as amended by Rule 40(dc), provides that she was to be afforded 14 days’ notice of the scheduling of a trial on the merits of DHR’s termination petition. Rule 40 provides:
“(a) Setting of Cases. The trial, of actions shall be set by entry on a trial docket or by written order at least sixty (60) days before the date set for. trial, subject to the following exceptions: (1) where, when the interests of justice require, the court continues the trial to a date that is less than sixty (60) days from a previously set trial date that was set in compliance with this rule; (2) where a shorter period of time is available under the provisions of Rule 55[, Ala. R. Civ. P.] (‘Default’); (3) where a shorter period of time is available under the provisions of Rule 65[, Ala. R. Civ. P.] (‘Injunctions’); (4) where a shorter period of time serves the ends of justice in domestic relations cases;. (5) where a shorter period of time serves the ends of justice in a habeas corpus or other similar proceeding where the liberty interest of an individual is at issue; (6) where an action has been appealed to , the circuit court for. de novo review, in which event the time period between setting and trial date shall be at least thirty (30) days; and (7) where a shorter period of time is otherwise provided by law or these rules or agreed to by all of the parties.
“(b) Notice. The clerk forthwith and, in no event more than three (3) days after a case has'been placed on the trial docket, shall notify all out-of-county attorneys of record by personal service, or by mailing a letter or by mailing a copy of the docket of the court.
“(dc) District Court Rule. Rule 40 applies in the district courts except that the reference to sixty (60) days at Rule 40(a) is reduced to fourteen (14) days, the exceptions (1), (3), (4), (5), and (6) in Rule 40(a) are inapplicable to district courts, and the provision for notice in Rule 40(b) is altered so as to require notice to all parties instead of notice to ‘all out-of-county attorneys of record.’ ”
None of the exceptions to Rule 40(a) that are allowed by Rule 40(dc) are at issue in this case. It is clear that Rule 40(a) and Rule 40(dc) require that at least 14 days’ notice be provided to a party to an action such as the termination action currently before the juvenile court. In this case, the juvenile court entered an ordér on Monday, July 6, 2015, scheduling a trial on the merits for July 10, 2015, affording the mother only four days’ notice’ of the trial on the merits. After setting that *408 order aside, the juvenile court entered a similar order on July 7, 2015, affording the mother only three days’ notice of the trial. Clearly, that setting of the trial date did not comply with the express requirements of Rule 40(a), as amended by Rule 40(dc).
We note that the juvenile court, in entering its July 6, 2015, order, stated that it was entering that order in compliance with the time limitations for termination actions set forth-in § 12-15-320(a), Ala.Code 1975, and that the mother had had six months since the service 'of the complaint to prepare for a trial on the merits. Section 12-15-320(a) states:
“(a) Termination of parental rights cases shall'be given priority over other eases. The trial on the petition for termination of parental rights shall be completed within 90 ’ days after service of process has been perfected. The trial court judge shall enter a final order within 30 days of the completion of the trial.”
Section 12-15-320(a) is consistent with the general goal that termination actions, because of their significance in affecting fundamental rights and their impact on the lives of children, be addressed and resolved as expeditiously as possible, and the juvenile court was correct in seeking • a timely disposition of this matter. See, e.g., J.L. v. Morgan Cnty. Dep’t of Human Res., 182 So.3d 570, 572 (Ala.Civ. App.2015) (“Our legislature has required priority status of termination-of-parental-rights cases over other cases.”). However, § 12-15-320(a) does not negate the requirements of Rule 40(a) and Rule 40(dc) or the principles of due process that provide for sufficient notice to a party of a trial date. It is, possible for a juvenile court to schedule a termination trial within the 90 days prescribed by § 12-15-320(a) and still provide the litigants notice of that trial in compliance with Rule 40(a) and Rule 40(dc). We note 'that this court has held, however, that § 12-15-320(a) is not jurisdictional, i.e., that a failure to conduct a termination-of-parental-rights trial within the 90 days specified in § 12-15-320(a) does not deprive the juvenile court of jurisdiction over the action. J.L. v. Morgan Cnty. Dep’t of Human Res., 182 So.3d at 572. “[D]ue process demands that the parties still have a fair chance to prepare for trial, to conduct discovery, to submit pretrial motions, and to conduct other necessary pretrial activities.” Ex parte Medical Assurance Co., 862 So.2d 645, 649 (Ala. 2003).
The mother argues before this court, and DHR concedes in its brief submitted in response to the mother’s petition for a writ of- mandamus, that the mother’s due-process rights were violated by the order providing the parties only four days’ notice of the trial date. We agree that the juvenile -court erred in failing to comply with Rule 40(a), as amended by Rule 40(dc), and we grant the mother’s petition for a writ of mandamus.
We note that in asserting her argument before this court, the mother contends that § 12-15-320(a) is unconstitutional “as applied by the [juvenile court] in this case.” DHR interprets that statement as a constitutional challenge to § 12-15-320(a). However, the “argument” is brief and contains no citation to supporting authority. Further, the mother makes that statement as part of her overall contention that the juvenile court’s July 6, 2015, order violated her due-process rights by affording her insufficient notice of the date for the trial on the merits. Accordingly, we conclude that the mother has not asserted a constitutional challenge to § 12-15-320(a) in her submission to this court, and we decline to address the issue.
*409 PETITION GRANTED; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ,, concur.

. The, materials submitted to this court do not identify the father, but he, is identified as "J.B.W.” in the mother’s petition for a writ of mandamus.

. The ruling in both the July 6, 2015, order and the second July 7, 2015, order .are the same; in;this opinion, we refer to. .that ruling as having been entered on July, 6,2015,