PITTMAN, Judge.
M.G.D. (“the mother”) appeals from a judgment of the Shelby Juvenile Court to the extent that the judgment awards C.B. and J.L.B. (“the grandparents”) visitation with the mother’s three children and prohibits the mother from being under the influence of alcohol while in the presence of the children and from allowing members of the opposite sex to be with the mother in the children’s presence after 11:00 p.m. We affirm the judgment in part, reverse it in part, and remand the cause to the juvenile court.

Facts and Procedural History

The mother and the children’s father were divorced in 2009, and the father was awarded primary physical custody of the children at that time. The father died in December 2013, and the grandparents subsequently filed a petition alleging that the children were dependent and requesting the juvenile court to award custody of the children to the grandparents.
The juvenile court entered an ex parte order restraining the mother from removing the children from the juvenile court’s geographical jurisdiction without first obtaining permission from the juvenile court. The mother appealed, and this court held that the juvenile court’s order was void, instructed the juvenile court to vacate the order, and dismissed the mother’s appeal. M.G.D. v. L.B., 164 So.3d 606 (Ala.Civ.App.2014).
On July 29,' 2014, while the mother’s first appeal was pending, the juvenile court entered an order based on an agreement between the grandparents and the mother (“the July 29 order”). The July 29 order was signed by all the parties, including the mother, and it vested custody of the children in the mother and awarded the grandparents visitation with the children. An exhibit to the July 29 order set forth a schedule for the grandparents’ visitation *857 with the children and was initialed by all parties, including the mother. After this court dismissed the mother’s first appeal, however, the juvenile court entered an order stating that the July 29 order was vacated and of no effect.
In October 2014, the mother filed a motion for a summary judgment. In her motion, the mother argued that there was no evidence indicating that the children were dependent. The mother also stated in her motion that, “upon information and belief, the grandparents are seeking only to have court ordered visitation with the minor children.” The mother argued, however, that the grandparents were not entitled to visitation because, the mother asserted, the mother had encouraged a relationship between the children and the grandparents and the children would not be harmed by the lack of court-ordered visitation. The mother also submitted an affidavit in which she attested that, in her opinion, it would not be in the children’s best interests for the juvenile court to mandate visitation with the grandparents.
In November 2014, the juvenile court entered a judgment finding that the children were not dependent and granting the mother’s motion for a summary judgment on that issue. The juvenile court, however, also awarded the grandparents visitation rights and included .essentially the same visitation schedule that had been incorporated into the July 29 order. The mother filed a postjudgment motion requesting the juvenile court to alter, amend, or vacate its judgment, which the juvenile court denied. The mother timely appealed.

Analysis

Grandparent Visitation

The mother argues that the juvenile court did not have jurisdiction to award grandparent visitation. In support of her argument, the mother relies on J.A. v. CM., 93 So.3d 953 (Ala.Civ.App.2012). That ease, however, involved an award of visitation rights to a maternal aunt, not to a grandparent. Section 30-3-4.1, Ala. Code 1975, gives grandparents a right:to seek, and courts the authority to award, grandparent visitation.[1]
Moreover, § 12-15-115(a)(10), Ala.Code 1975, gives juvenile courts jurisdiction over '“[proceedings to establish grandparent visitation when filed as part of a juvenile court ease involving the same child.” In D.E.C.C. v. K.N.R., 51 So.3d 1068 (Ala.Civ.App.2010), this court ac *858 knowledged that “a juvenile court considering an allegation of dependency [has] jurisdiction over' a claim seeking grandparent visitation when that claim [is] asserted as part of a dependency action.” 51 So.3d at 1070 (citing K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993)). “[T]his court has held that the juvenile court has jurisdiction to award grandparent visitation where the child was before the juvenile court on the grandparents’ dependency/custody petition and the grandparents had sought visitation in the event that the juvenile court did not find the child dependent.” J.D.R. v. M.M.E., 898 So.2d 783, 785 (Ala.Civ.App.2004) (citing K.R.D. v. E.D., supra) (emphasis added). Thus, our statutes and caselaw allow a juvenile court to award grandparent visitation even if the juvenile court finds that a child is not dependent, and the determination that a child is not dependent and the dismissal of a dependency petition does not affect a claim requesting grandparent visitation.[2] “[A]bsent a specific claim for grandparent visitation,” however, a juvenile court does not have jurisdiction to consider such visitation, even in an action alleging dependency. 51 So.3d at 1071.
There is no dispute in the present case that the juvenile court considered a verified allegation of dependency and, thus, had before it a juvenile-court case involving the children. The' issue is whether a claim for grandparent visitation had been sufficiently asserted as part of the case so as to confer subject-matter jurisdiction on the juvenile court under § 12-15-115(a)(10). Section 12-15-115(c), Ala.Code 1975, provides that, with one exception not applicable in this case, “[a]ll civil cases before the juvenile court shall be governed by the laws relating thereto and shall be initiated by filing a petition or complaint with the clerk of the juvenile court.” “Petition” and “complaint,” as those terms are used in § 12-15-115, are not defined.
Although the petition alleging dependency did not request grandparent visitation, it appears from other filings in this case that the issue of grandparent visitation was raised. Specifically, in the July.29 order, which was signed by the grandparents and the mother, the juvenile court awarded the grandparents specific visitation rights based on an agreement of the parties. The visitation schedule filed as an exhibit to that order also was initialed by all parties. Moreover, the grandparents later filed a motion for clarification regarding the July 29 order, in which they specifically asserted that they had reached an agreement with the mother to allow the grandparents visitation with the children. Although the juvenile court set aside the July 29 order because it had been entered while the mother’s first appeal was still pending, the referenced filings clearly indicate that grandparent visitation had been made a part of this juvenile case. Indeed, after arguing in her motion for a summary judgment that the children were not dependent, the mother herself acknowledged that the grandparents were seeking court-ordered visitation with the children. The *859 juvenile court recognized as much in its final judgment, noting that “the issue of grandparent visitation was properly raised in this matter.” Based on the various filings and admissions of record in this case, we conclude that proceedings to establish grandparent visitation were sufficiently commenced as part of a juvenile-court case involving the children and that the juvenile court had subject-matter jurisdiction to consider grandparent visitation. The mother makes no other substantive arguments regarding the award of grandparent visitation. Accordingly, we affirm the juvenile court’s judgment insofar as it awarded grandparent visitation.

Propriety Language.

The mother asserts that the juvenile court “also impeded on the rights of the mother by inserting the standard ‘propriety language” regarding male guests and being under the influence of alcohol in the presence of the children. We agree. Section 12 — 15—810(b), Ala.Code 1975, requires a juvenile court to dismiss a petition alleging that a child is dependent if the court finds that the allegations in the petition have not been proven by clear and convincing evidence. In J.A., this court held that, after a juvenile court had determined that the children at issue were not dependent, the juvenile court could not grant a maternal aunt visitation rights or “otherwise ‘affect the custody of the children” and that the juvenile court’s only option was to “dismiss the dependency petition and to allow the custody of the children to be returned to the mother and the father.” 93 So.3d at 955. Because the juvenile court in the instant case determined that the children were not dependent, there is no legal basis for the court’s directives to the mother regarding male guests or alcohol use. .Accordingly, we reverse the juvenile court’s judgment as to this issue, 'and we remand the cause for the juvenile court to amend its judgment to remove those directions.

Failure to Hold a Hearing on the Mother’s Postjudgment Motion

Finally, the mother asserts that the juvenile court erred in allegedly failing to hold a hearing on the mother’s post-judgment motion.[3] In Chism v. Jefferson County, 954 So.2d 1058 (Ala.2006), our supreme court acknowledged that the failure to conduct a hearing on a postjudgment motion under Rule 59(g), Ala. R. Civ. P., is not reversible error if there was no probable merit in the motion or if the appellate court resolves the issues presented in the motion adversely to the movant as a matter of law. 954 So.2d at 1086. Because we have determined, as a matter of law, that the juvenile court had jurisdiction to consider the grandparent-visitation issue, the failure to hold a hearing on that particular argument is not reversible.
This court also has'stated that “any such error [in failing to hold a hearing on a postjudgment motion] ‘is reversible error only if. it “probably injuriously affected substantial rights of .the parties.” ’ ” DWOC, LLC v. TRX Alliance, Inc., 99 So.3d 1233, 1236 (Ala.Civ.App.2012) (quoting Kitchens v. Maye, 623 So.2d 1082,1088 (Ala.1993), quoting in turn Greene v. Thompson, 554 So.2d 376, 380-81 (Ala.1989)). Because we have agreed with the mother’s legal argument regarding the “propriety” language included in the juvenile court’s judgment, and because we *860 have concluded that the inclusion of such language was error, we conclude that the failure to hold a hearing on that particular argument has not injuriously affected substantial rights of the mother.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMAS, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., dissents, with writing.

. In Ex parte E.R.G., 73 So.3d 634 (Ala.2011), our supreme court held the prior version of § 30-3-4.1 to be unconstitutional. The legislature, however, amended that statute after the supreme court issued its opinion in E.R.G. "Although this court recently held that the amended version of § 30-3-4.1 also is unconstitutional, Weldon v. Ballow, 203 So.3d 855 (Ala.Civ.App.2015), the mother in the instant appeal, which was filed before Weldon was released, has not challenged the constitutionality of § 30-3-4.1. See generally J.B. v. J.M., 175 So.3d 170 (Ala.Civ.App.2015) (stating that the constitutionality of the amended version of § 30-3-4.1 had not been challenged and, therefore, the court would presume that the statute was constitutionally valid); J.P. v. R.L.P., 194 So.3d 945 (Ala.Civ.App.2015) (refusing to address the constitutionality of the grandparent-visitation act when the appellant did not raise the issue in the lower court); Tripp v. Owens, 150 So.3d 208 (Ala.Civ.App.2014) (declining to consider the constitutionality of the grandparent-visitation act because the issue was not properly raised in the trial court). After this court released Weldon, we invited the parties in this appeal to submit briefs regarding what effect, if any, Weldon should have on this appeal. We have not been presented with convincing arguments that Weldon should be applied in this case or that Weldon would support reversal of the juvenile court's grandparent-visitation award.

. The dissent, opines that K.R.D. and cases that rely on it for the proposition that a juvenile court has jurisdiction over a grandparent-visitation claim after determining that a child is not dependent were wrongly decided and should not be followed. This court, however, . has not been asked to revisit those cases. See generally Clay Kilgore Constr., Inc. v. Buchalter/Grant, L.L.C., 949 So.2d 893, 898 (Ala. 2006) ("[Appellate courts] are not inclined to abandon precedent without a specific invitation to do so. ‘Stare decisis commands, at a minimum, a degree of respect from [an appellate court] that makes it disinclined to overrule controlling precedent when it is not invited to do so.’ ” (quoting Moore v. Prudential Residential Servs. Ltd. P'ship, 849 So.2d 914, 926 (Ala.2002))).

. There appears to be some confusion as to whether a hearing was actually scheduled. The juvenile court’s order denying the mother’s postjudgment motion indicates that the parties failed to appear for a scheduled hearing. The mother, however, asserts that no hearing was ever scheduled and that no notice of a hearing was issued.