PITTMAN, Judge.
L.M. ("the mother") appeals from a judgment of the Lowndes Juvenile Court ("the juvenile court") insofar as that judgment purported to award G.S. and S.S. ("the paternal grandparents") visitation with the mother's minor child ("the child"). We dismiss the appeal with instructions to the juvenile court to vacate the portion of its judgment purporting to award the paternal grandparents visitation.
The sole issue raised on appeal is whether, given the procedural posture of this particular case, the juvenile court had subject-matter jurisdiction to award the paternal grandparents visitation. After the child's father died, the paternal grandparents, in April 2016, filed a complaint alleging that the child was dependent and seeking custody of the child. Their complaint did not seek an award of visitation as an alternative remedy in the event the juvenile court determined that the child was not dependent. Along with their complaint, the paternal grandparents filed a motion seeking an ex parte custody and pickup order, which the juvenile court granted. Thereafter, the juvenile court held a hearing, which the mother and the paternal grandparents attended. Following the hearing, the juvenile court entered an order finding that the child was dependent, awarding the paternal grandparents pendente lite custody, and awarding the mother pendente lite visitation. The juvenile court subsequently held a final hearing and, thereafter, entered a judgment finding that the child was not dependent, restoring the child to the mother's custody, and dismissing the paternal grandparents' dependency action. However, despite dismissing the dependency action, the judgment purported to award the paternal grandparents visitation. Regarding the juvenile court's jurisdiction to make that purported award, the judgment stated:
"There can be no dispute that the testimony and evidence suggest that both the Paternal Grandparents ... and the ... Mother ... love and care deeply *824 for the minor child .... It also clear to the Court that [the child] needs both his Paternal Grandparents and his Mother to play an active role in his life. This was supported by the testimony of Dr. Karen Hollinger, who stated as much. The Court can only hope that the parties can put aside the acrimony and discord of the past to focus on a future in which [the child's] best interests are placed above their mutual feelings regarding each other. To that end, the Court finds it necessary to award visitation to the paternal grandparents pursuant to the provisions of § 30-3-4.2 of the Code of Alabama 1975. Despite a finding that the minor child is not dependent, the Court asserts jurisdiction to award visitation pursuant to the holding of the Alabama Court of Civil Appeals in M.G.D. v. C.B. and J.L.B.[, 203 So.3d 855 (Ala. Civ. App. 2016) ]. While the Paternal Grandparents did not expressly request visitation in their petition, the Court is satisfied that the issue was sufficiently raised through the visitation discussions and agreements to confer jurisdiction upon this court to enter a visitation award."
(Emphasis added.)
On appeal, the mother argues that this case is distinguishable from M.G.D. v. C.B., 203 So.3d 855 (Ala. Civ. App. 2016), and that the juvenile court erred in relying on that case to support its conclusion that it had subject-matter jurisdiction to award the paternal grandparents visitation. In holding that the Shelby Juvenile Court had subject-matter jurisdiction to award C.B. and J.L.B., the grandparents who had filed the dependency petition in M.G.D., visitation, this court stated:
"[Section] 12-15-115(a)(10), Ala. Code 1975, gives juvenile courts jurisdiction over '[p]roceedings to establish grandparent visitation when filed as part of a juvenile court case involving the same child.' In D.E.C.C. v. K.N.R., 51 So.3d 1068 (Ala. Civ. App. 2010), this court acknowledged that 'a juvenile court considering an allegation of dependency [has] jurisdiction over a claim seeking grandparent visitation when that claim [is] asserted as part of a dependency action.' 51 So.3d at 1070 (citing K.R.D. v. E.D., 622 So.2d 398 (Ala. Civ. App. 1993) ). '[T]his court has held that the juvenile court has jurisdiction to award grandparent visitation where the child was before the juvenile court on the grandparents' dependency/custody petition and the grandparents had sought visitation in the event that the juvenile court did not find the child dependent.' J.D.R. v. M.M.E., 898 So.2d 783, 785 (Ala. Civ. App. 2004) (citing K.R.D. v. E.D., supra ) (emphasis added). Thus, our statutes and caselaw allow a juvenile court to award grandparent visitation even if the juvenile court finds that a child is not dependent, and the determination that a child is not dependent and the dismissal of a dependency petition does not affect a claim requesting grandparent visitation. '[A]bsent a specific claim for grandparent visitation,' however, a juvenile court does not have jurisdiction to consider such visitation, even in an action alleging dependency. 51 So.3d at 1071.
"There is no dispute in the present case that the juvenile court considered a verified allegation of dependency and, thus, had before it a juvenile-court case involving the children. The issue is whether a claim for grandparent visitation had been sufficiently asserted as part of the case so as to confer subject-matter jurisdiction on the juvenile court under § 12-15-115(a)(10). Section 12-15-115(c), Ala. Code 1975, provides that, with one exception not applicable in this case, '[a]ll civil cases before the juvenile court shall be governed by the laws relating *825 thereto and shall be initiated by filing a petition or complaint with the clerk of the juvenile court.' 'Petition' and 'complaint,' as those terms are used in § 12-15-115, are not defined.
"Although the petition alleging dependency did not request grandparent visitation, it appears from other filings in this case that the issue of grandparent visitation was raised. Specifically, in the July 29 order, which was signed by the grandparents and the mother, the juvenile court awarded the grandparents specific visitation rights based on an agreement of the parties. The visitation schedule filed as an exhibit to that order also was initialed by all parties. Moreover, the grandparents later filed a motion for clarification regarding the July 29 order, in which they specifically asserted that they had reached an agreement with the mother to allow the grandparents visitation with the children. Although the juvenile court set aside the July 29 order because it had been entered while the mother's first appeal was still pending, the referenced filings clearly indicate that grandparent visitation had been made a part of this juvenile case. Indeed, after arguing in her motion for a summary judgment that the children were not dependent, the mother herself acknowledged that the grandparents were seeking court-ordered visitation with the children. The juvenile court recognized as much in its final judgment, noting that 'the issue of grandparent visitation was properly raised in this matter.' Based on the various filings and admissions of record in this case, we conclude that proceedings to establish grandparent visitation were sufficiently commenced as part of a juvenile-court case involving the children and that the juvenile court had subject-matter jurisdiction to consider grandparent visitation. The mother makes no other substantive arguments regarding the award of grandparent visitation. Accordingly, we affirm the juvenile court's judgment insofar as it awarded grandparent visitation."
203 So.3d at 857-59 (footnote omitted).
Like the complaint filed by the paternal grandparents in the present case, the dependency petition filed by C.B. and J.L.B. in M.G.D. did not seek an award of visitation as alternative relief in the event the Shelby Juvenile Court determined that the children were not dependent. See M.G.D., 203 So.3d at 858. However, that is the only pertinent procedural fact in M.G.D. that is like the pertinent procedural facts in the present case. In M.G.D., the children were never removed from the custody of M.G.D., their mother, and the Shelby Juvenile Court never awarded C.B. and J.L.B. pendente lite custody, see M.G.D., 203 So.3d at 856-57, whereas, in the present case, the child was removed from the mother's custody and placed in the paternal grandparents' custody pendente lite. In M.G.D., while M.G.D.'s appeal from an injunction restraining her from removing the children from the Shelby Juvenile Court's jurisdiction was pending in this court, the Shelby Juvenile Court entered an order based on an agreement of the parties that awarded C.B. and J.L.B. pendente lite visitation, id., whereas, in the present case, no order awarding the paternal grandparents pendente lite visitation was ever entered. In M.G.D., although the Shelby Juvenile Court later vacated the order awarding C.B. and J.L.B. pendente lite visitation, M.G.D. subsequently filed a motion for a summary judgment in which she stated that " 'upon information and belief, [C.B. and J.L.B.] are seeking only to have court ordered visitation with the minor children.' " M.G.D., 203 So.3d at 857. In the present case, the mother never asserted that the paternal grandparents were seeking *826 visitation with the child. Moreover, the only explicit discussions regarding visitation at the hearings in the present case were discussions regarding the mother's pendente lite visitation. The only statement in the record that could be interpreted as implying that the paternal grandparents might be awarded visitation if the juvenile court determined that the child was not dependent was the following statement made by the juvenile court during a hearing:
"Now, I do want there to be additional visitation with [the mother]. I think the parties need to understand that this is going to be, you know, something that we are going to be dealing with from now on. And so the quicker we can come to an understanding that everybody is going to have to work together and communicate with one another for [the child's] best interest, the better off we will be. Because regardless of what the Court does, whether I allow [the child] to stay with [the paternal grandparents] and grant [them] custody of him, or I allow [the mother] to have [the child] back, we are going to have to work with one another on visitation and accommodating one another. And I don't think, going under what we are doing right now is adequate visitation."
(Emphasis added.) Unlike the procedural facts that we held were sufficient to invoke the Shelby Juvenile Court's subject-matter jurisdiction to award C.B. and J.L.B. visitation pursuant to § 12-15-115(a)(10), Ala. Code 1975, in M.G.D., the statement of the juvenile court quoted above was not sufficient to invoke its subject-matter jurisdiction to award the paternal grandparents visitation pursuant to § 12-15-115(a)(10) in the present case. Thus, the juvenile court lacked subject-matter jurisdiction to make that award, and, consequently, its judgment is void insofar as it purported to make that award. See, e.g., Ingram v. Alabama Peace Officers' Standards & Training Comm'n, 148 So.3d 1089, 1093 (Ala. Civ. App. 2014) (holding that judgment was void because the trial court lacked subject-matter jurisdiction). Because a void judgment will not support an appeal, we dismiss the mother's appeal and direct the juvenile court to vacate the portion of its judgment that purported to award the paternal grandparents visitation with the child. See Ingram, 148 So.3d at 1093-94 (" '[A] void judgment will not support an appeal, and "an appellate court must dismiss an attempted appeal from such a void judgment." ' " (quoting Colburn v. Colburn, 14 So.3d 176, 179 (Ala. Civ. App. 2009), quoting in turn Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) )).
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.