THOMAS, Judge.
On March 15, 2018, the Lamar Juvenile Court ("the juvenile court") entered an order ("the visitation order") awarding S.S. ("the paternal grandmother") "pendente lite" visitation with G.A. ("the child"), who is the subject of a dependency action commenced in December 2017 by the paternal grandmother. The juvenile court held a hearing regarding emergency or temporary custody of the child in December 2017, after which it entered an order leaving the child in the custody of J.S. ("the mother"), with supervision by the Lamar County Department of Human Resources ("DHR"), pending an adjudicatory trial on the dependency petition. The juvenile court set the adjudicatory trial to decide the child's dependency for February 28, 2018, but the mother moved to continue that trial. The paternal grandmother objected to the continuance and, in a motion, sought pendente lite visitation with the *729 child. The juvenile court continued the adjudicatory trial, but, over the objection of the mother, it set a hearing for March 15, 2018, to address the paternal grandmother's request for pendente lite visitation. After the March 15, 2018, hearing, the juvenile court entered the visitation order, in which it awarded the paternal grandmother a one-hour visit with the child on March 16, 2018, and a four-hour unsupervised visit with the child on March 28, 2018.[1]
The mother has filed a petition for the writ of mandamus, challenging the visitation order because, she says, the juvenile court lacks jurisdiction to award the paternal grandmother visitation at this point in the dependency action. She says that, because the child has not yet been found dependent, the juvenile court cannot use its power under Ala. Code 1975, § 12-15-314(a)(4), to award the paternal grandmother visitation. The paternal grandmother contends that this action is not a grandparent-visitation action but a dependency action.[2] She relies on § 12-15-314(a)(4) and L.T. v. J.D., 109 So.3d 652, 657 (Ala. Civ. App. 2012), to support her argument that the juvenile court's visitation order is a proper exercise of the juvenile court's discretion in a dependency action to make such orders as it determines are in the best interest of the child.
We begin our review by noting that
"an appellate court will grant a petition for a writ of mandamus only when '(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.' "
Ex parte A.D.W., 192 So.3d 405, 407 (Ala. Civ. App. 2015) (quoting Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000) ).
As noted above, the juvenile court entered an order in December 2017. That order stated that "[the child] shall remain in the custody of [the] mother ... under the protective supervision of ... DHR." The paternal grandmother seizes upon the juvenile court's use of the term "protective supervision" in the December 2017 order. "Protective supervision" is defined in Ala. Code 1975, § 12-15-301(10), as "[a] legal status created by order of the juvenile court following an adjudication of depen dency *730 whereby a child is placed with a parent or other person subject to supervision by the Department of Human Resources." (Emphasis added.) Contending that this court must assume that the juvenile court made those findings that are necessary to support its judgment, see A.E.T. v. Limestone Cty. Dep't of Human Res., 49 So.3d 1212, 1216 (Ala. Civ. App. 2010), the paternal grandmother argues that, based on its requiring protective supervision of the mother's custody, the juvenile court made an implied finding of "probable cause for dependency" in the December 2017 order. Based on that premise, she then makes the following argument:
"Making an implied finding of probable cause, the [juvenile] court in this matter ordered a restricted 'protective supervision' custody to the mother and reserved the issue of visitation. If the court has the authority to make a restricted 'protective supervision' custody order upon a finding of probable cause for dependency but prior to adjudication, it also has the authority to make other orders that are in the child's best interests upon a finding of probable cause for dependency."
The flaw in the paternal grandmother's reasoning is the fact that, in December 2017, the juvenile court lacked authority to order "protective supervision" in the present case. The parties and the juvenile court recognize that the juvenile court has not yet adjudicated the child dependent. However, both § 12-15-301(10) and § 12-15-314(a)(2) require that a finding of dependency precede or accompany an award of protective supervision. Thus, we cannot agree with the paternal grandmother that the juvenile court's use of the term "protective supervision" in its December 2017 order somehow expands its authority to order protective supervision despite having not yet adjudicated the child dependent. Such a conclusion is not possible in light of the language in both § 12-15-301(10) and § 12-15-314(a)(2). Instead, we are more inclined to agree with the mother that the juvenile court's December 2017 order is consistent with the authority granted the juvenile court under Ala. Code 1975, § 12-15-309(a), which permits the juvenile court to release a child to the custody of a parent if shelter care is not required for the child and to impose certain conditions as warranted by the circumstances, including placing "the child under the supervision of [DHR]." § 12-15-309(a)(1). Reading the juvenile court's December 2017 order in that manner preserves its efficacy and is consistent with the requirement that a juvenile court order "protective supervision" only after a determination of dependency.
The paternal grandmother's argument that the juvenile court can award visitation to third parties like the paternal grandmother under § 12-15-314(a)(4) based upon "probable cause for dependency" also fails. Section 12-15-314(a)(4) allows the juvenile court to "[m]ake any other order as the juvenile court in its discretion shall deem to be for the welfare and best interests of the child." However, a juvenile court may exercise that power only after a child has been found dependent: "If a child is found to be dependent, the juvenile court may make any of the following orders of disposition." § 12-15-314(a) (emphasis added). Our decision in L.T. does not assist the paternal grandmother, because the child in that case had been adjudicated dependent, which triggered the authority of the juvenile court in that case to make an award of visitation. L.T., 109 So.3d at 657.
The juvenile court lacks the authority to award the paternal grandmother visitation at this stage of the dependency action. The *731 juvenile court's visitation order, insofar as it awards such visitation, is void. Accordingly, we grant the mother's petition and order the juvenile court to vacate the visitation order.
PETITION GRANTED; WRIT ISSUED.
Pittman, Moore, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result only, without writing.

Upon the mother's motion, we stayed the visitation order pending further order of this court.

The paternal grandmother insists that her request for visitation is not a request for grandparent visitation under Alabama's most recent grandparent-visitation statute, codified at Ala. Code 1975, § 30-3-4.2. Thus, we will not consider the mother's argument that, although the juvenile court might have had jurisdiction to award the paternal grandmother pendente lite visitation under Ala. Code 1975, § 30-3-4.2(o ), see M.G.D. v. C.B., 203 So.3d 855, 857 (Ala. Civ. App. 2016), it did not make the requisite written findings to support such an order. See Ala. Code 1975, § 30-3-4.2(f) (requiring written findings to support a court's rulings in a grandparent-visitation case). We will also save for another day the mother's invitation to "revisit M.G.D. v. C.B., 203 So.3d 855 (Ala. Civ. App. 2016), and other cases holding that a motion [for] or the mention of grandparent visitation rights vests a juvenile court with jurisdiction over grandparent-visitation rights"; the mother contends that that "line of cases allows the petitioner grandparent and trial court to disregard Alabama Code 1975, § 30-3-4.2(l )," which requires notice of a grandparent-visitation action be given to all other grandparents of the child. Any determination whether the juvenile court has jurisdiction to consider the paternal grandmother's request for visitation under § 30-3-4.2(b), which outlines the circumstances under which a grandparent may commence an action or intervene to seek visitation, will await another day.